# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVERN JACOBS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1425 |
| ) | |
| EARL A. POWELL III, DIRECTOR, ) | ECF |
| NATIONAL GALLERY OF ART, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant Earl A. Powell, III, Director, National Gallery of Art ("NGA"), in his official capacity, answers Plaintiff Levern Jacobs' Amended Complaint as follows:

1. This paragraph contains a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits the allegations in Para. 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 and, therefore, denies the allegations in Para. 2.

3. Defendant admits that Earl A. Powell III is the Director of the National Gallery of Art, located at 6th and Constitution Avenue, NW, Washington, DC, 20565; however, Defendant denies that it is an independent agency of the federal government.

4. Defendant admits the allegations in Para. 4.

5. Defendant admits the allegations in Para. 5.

6. Defendant admits the allegations in sentence 1 of Para. 6. Defendant denies the

1

allegations in sentence 2 of Para. 2.

7.  Defendant admits the allegations in sentences 1 and 3 of Para. 7.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of Para. 7 and, therefore, denies them.

8.  Defendant admits the allegations in sentences 1 and 2 of Para. 8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 3 of Para. 8 and, therefore, denies them.

9.  Defendant admits that Robert Lowery, James Phillips and Mark Teed are all Caucasians.  Except for the foregoing admission, Defendant denies the remaining allegations in Para. 9.

10.  Defendant admits that Donald Young is African-American and was Mr. Jacobs' immediate supervisor on October 8, 2002, as alleged in sentence 1 of Para. 10.  Defendant admits that it received visitor complaints regarding the drinking fountains and these complaints did not identify Mr. Jacobs by name as alleged in sentences 3 and 6 of Para. 10.  Except for the specific foregoing admissions, Defendant denies the remaining allegations in Para. 10.

11.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Para. 11 and, therefore, denies them.

12.  Defendant admits that, on November 15, 2002, Mr. Bixler proposed to suspend Mr. Jacobs for five days for "careless performance of assigned duties."  Except for the specific foregoing admission, Defendant denies the remaining allegations in Para. 12, including footnote 2.

13.  With regard to sentence 1 of Para. 1, Defendant admits that the suspension proposal

dated November 15, 2002 provided Mr. Jacobs 7 days from his verified receipt of the suspension proposal to respond.  Except for the foregoing specific admission, Defendant denies the remaining allegations in Para. 1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 3 and 4 of Para. 13 and, therefore, denies them.  Defendant denies the allegations in sentences 2, 5, 6, and 7 of Para. 13.

14.  With regard to sentence 1 of Para. 14, Defendant admits that on December 18, 2002, Mr. Giamber sustained the proposed suspension issued to Mr. Jacobs on November 15, 2002. Except for the foregoing specific admission, Defendant denies the remaining allegations in sentence 1 of Para.1.  Defendant admits that its Table of Penalties sets forth a penalty of a reprimand to a 5-day suspension for a first offense of "Negligent or careless performance of assigned duties" as alleged in sentence 3 of Para. 14.  Defendant denies the remaining allegations in Para. 14.

15.  Defendant denies the allegations in Para. 15.

16.  The Defendant denies the allegations in Para. 16.

17.  Defendant admits that Mike Casanto is a pipefitter and Caucasian.  Except for the foregoing specific admission, Defendant denies the allegations in Para. 17.

18.   Defendant admits that Mr. Edward Hanna, a  Caucasian Engineering Technician in the Office of Facilities Management, was removed in 2001.  Except for the foregoing admission, The Defendant denies the allegations in Para. 18.

19.  Defendant denies the allegations in Para. 19.

20.  Defendant admits the allegations in sentence 2 of Para. 20.  Except for the foregoing specific admission, Defendant denies the allegations in Para. 20.

3

21. Defendant denies the allegations in Para. 21.

22. Defendant admits that Mr. Jacobs requested EEO counseling on January 22, 2003. Defendant admits that Mr. Jacobs filed a formal EEO complaint on April 15, 2003 and amended his complaint on May 27, 2003 and March 12, 2004. Except for the foregoing admission, Defendant denies the allegations in Para. 22.

23. With regard to sentence 1 of Para. 23, Defendant admits that on March 21, 2003, Mr. Gilson proposed to suspend Mr. Jacobs for ten days for negligent performance of assigned duties. Except for the foregoing admission, Defendant denies the allegations in Para. 23.

24. Defendant admits the allegations in sentence 1 of Para. 24, but clarifies that it was not a "performance-based suspension," rather it was due to his conduct. Except for the foregoing admission, Defendant denies the allegations in Para. 24.

25. Defendant denies the allegations in sentence 1 of Para. 25. With regard to sentence 2 of Para. 25, Defendant admits that Mr. Jacobs did not enter the end-of-shift toilet overflow incident in the log book. Except for the foregoing specific admission, Defendant denies the remaining allegations in sentence 2 of Para. 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Para. 26 and, therefore, denies them.

27. Defendant admits the allegations in sentence 1 of Para. 27, but clarifies that Mr. Sisson sustained one of the two charges in a March 21, 2003 proposed suspension and mitigated the proposed a ten day suspension to seven days. Defendant denies the remaining allegations contained in paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Para. 28, and, therefore, denies them.

29. Defendant adopts and incorporates by reference its responses to Paras. 1 through 28 above.

30. Defendant admits the allegations in Para. 30.

31. Defendant admits the allegations in Para. 31.

32. Paragraph 32 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Para. 32.

33. Defendant admits the allegations in sentence 1 of Para. 33. Except for the foregoing admission, Defendant denies the remaining allegations in sentence 1 of Para. 33. Defendant denies the remaining allegations in Para. 33.

34. Defendant denies the allegations in Para. 34.

35. Defendant denies the allegations in Para. 35.

36. Defendant denies the allegations in Para. 36.

37. Defendant denies the allegations in Para. 37.

38. Defendant adopts and incorporates by reference its responses to Paras. 1 through 37 above.

39. Defendant admits that Mr. Jacobs filed a Request for EEO counseling on January 22, 2003, and that he filed a formal EEO complaint on April 15, 2003. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Para. 39.

40. Paragraph 40 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant admits them.

41. Defendant denies the allegations in Para. 41.

42. With regard to sentence 1 of Para. 42, Defendant admits that on June 2, 2003, Mr. Sisson sustained a seven-day suspension of Mr. Jacobs. Except for the specific forgoing admission, Defendant denies the remaining allegations in sentence 1 of Para. 42. Defendant also denies the remaining allegations Para. 42.

43. Defendant denies the allegations in Para. 43.

44. Defendant denies the allegations in Para. 44.

45. Defendant denies the allegations in Para. 45.

46. Defendant denies the allegations in Para. 46.

47. Defendant adopts and incorporates by reference its response to Paras. 1 through 46 above.

48. Para. 48 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Para. 48.

49. Defendant denies the allegations in Para. 49.

50. Defendant denies the allegations in Para. 49.

51. Defendant denies the allegations in Para. 51.

52. Defendant denies the allegations in Para. 52.

53. Defendant denies the allegations in Para. 53.


Paras. A-H contain Mr. Jacobs' allegations of "Requested Relief" to which no response is required, but to the extent that a response is deemed necessary Defendant denies that Plaintiff is entitled to any relief. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

## AFFIRMATIVE DEFENSE

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the Amended Complaint or a portion thereof.

### SECOND DEFENSE

The Amended Complaint or a portion thereof is barred by the applicable limitations period.

### THIRD DEFENSE

The Plaintiff has not properly exhausted his administrative remedies.

### FOURTH DEFENSE

The Complaint or a portion thereof fails to state a claim upon which relief may be granted.

Defendants expressly deny all allegations to which no specific response has been made.

Defendant prays that the Court enters judgment in favor of Defendants and dismisses the above-captioned with prejudice.

Dated: October 31, 2005.                    Respectfully Submitted,

                                            _____/s/_____
                                            KENNETH L. WAINSTEIN, D.C. BAR #451058
                                            United States Attorney


                                            _____/s/_____
                                            R. CRAIG LAWRENCE, D.C. BAR #171538
                                            Assistant United States Attorney

                    _____/s/_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant