UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEVERN JACOBS, SR.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**EARL A. POWELL, III, Director**,<br>**National Gallery of Art,**<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No: **05-1425 (RWR)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT OF LOCAL RULE 16.3 CONFERENCE**

1. Statement of the Case:

**PLAINTIFF:** Plaintiff believes that, based upon his race (black) and reprisal for prior EEO activity, he was disparately treated with respect to discipline (two suspensions with loss of pay) and denied training opportunities. As to training, Mr. Jacobs' similarly-situated, non-black colleagues were provided with better training opportunities which allowed them to advance in the Facilities Department. Likewise, with both suspensions, similarly-situated, non-black colleagues were not similarly disciplined. At least two supervisors (including Mr. Jacobs' then-immediate supervisor) corroborate that Mr. Jacobs was inappropriately disciplined, and at least one calls the Agency's actions racist.

**DEFENDANT:** Defendant believes that Plaintiff's three-count Complaint lacks merit. Specifically, with regard to Count I and Count II, the undisputed facts will show that Defendant appropriately suspended Plaintiff for not doing his job. With regard to Count III (Discrimination in Training), Plaintiff cannot show that he suffered an adverse personnel action.

2.    Amended Pleadings:

Plaintiff may amend the pleadings to eliminate Count III, regarding training opportunities, if he is found to be no longer able to perform plumbing duties. Defendant does not anticipate amending the pleadings at this time.

3.    Assignment to Magistrate Judge:

Plaintiff requests that this matter be assigned to a Magistrate Judge for settlement discussions only; otherwise, Plaintiff does not consent to assignment of this case to a magistrate judge.

Defendant does not consent to the assignment of this case to a magistrate judge at this time.

4.    Settlement Possibility:

**PLAINTIFF:** Plaintiff believes that this is an ideal case for settlement because of changes that have occurred since he first filed his EEO complaint. In particular, Mr. Jacobs suffered a severe workplace injury, is receiving worker's compensation, and is on the verge of being removed for medical inability to perform – and collecting lifetime worker's compensation benefits. He has been unable to return to work since his injury, over a year ago. Thus, the scope and potential impact of the case is narrowed, since it will soon be about remedying two discriminatory suspensions and denied training for a former employee, plus a modest amount of compensatory damages and attorney fees.

**DEFENDANT:** Defendant does not believe that it would be beneficial to submit this case to mediation at this time.

5.    Alternative Dispute Procedures:

Plaintiff believes that ADR would be beneficial in this matter, for the reasons described

in response to 4, above.

Defendant does not believe it would be beneficial to submit this case to ADR until the dispositive motion is resolved.

6. <u>Summary Judgment</u>:

Plaintiff believes that any summary judgment motion would be frivolous, since there are clearly disputed material facts, verified in sworn affidavits, concerning each of the suspensions and the denied training opportunities.

Defendant believes that this case can be disposed of by summary judgment and Defendant will file such a motion on August 6, 2006 (30 days after the close of all discovery). Defendant proposes that Plaintiff has up to and including September 6, 2006, to file any oppositions, and Defendant has up to and including September 20, 2006, to file any replies.

7. <u>Initial Disclosures</u>:

The parties propose to exchange Initial Disclosures on February 6, 2006 (30 days after the Initial Scheduling Conference).

8. <u>Discovery</u>.

The parties propose that all discovery closes on July 6, 2006 (180 days after the Initial Scheduling Conference). Defendant requests that each side shall be limited to 25 interrogatories, including subparts, and five depositions. Plaintiff opposes this request, or any constriction of the discovery rights provided under the Federal and Local rules, believing that thorough discovery is necessary.

9. <u>Experts</u>:

Plaintiff proposes to file Rule 26(a)(2) statement on June 6, 2006; Defendant proposes that Plaintiff file his Rule 26(a)(2) statement on May 6, 2006. Plaintiff proposes that Defendant

file its Rule 26(a)(2) statement on July 6, 2006. Defendant states that it shall serve its Rule 26(a)(2) statement on June 6, 2006.

    10.    <u>Class Action Procedures</u>: Not applicable.

    11.    <u>Bifurcation of Discovery or Trial</u>:

Plaintiff opposes bifurcation. Defendant does not now see any need for bifurcation.

    12.    <u>Proposed Date For The Pretrial Conference</u>:

The parties propose that the Court set a Pretrial Conference after the resolution of Defendant's summary judgment motion.

    13.    <u>Trial Date</u>:

The parties propose that the Court set a trial date at the Pretrial Conference.

Dated:                                        Respectfully submitted,

_____/s/_____    _____/s/_____
JOSEPH V. KAPLAN, D.C. BAR #347344    KENNETH L. WAINSTEIN, D.C. BAR #451058
                                             United States Attorney

_____/s/_____    _____/s/_____
Bryan Schwartz, D.C. Bar #482960    R. Craig Lawrence, D.C. BAR #483789
Passman & Kaplan, P.C.    Assistant United States Attorney
1090 Vermont Ave. N.W., Ste. 500
Washington, D.C.  20005    _____/s/_____
                                         John C. Truong, D.C. BAR #465901
Attorneys for Plaintiff    Assistant United States Attorney
                                         555 Fourth Street, N.W., 10th Floor
                                         Washington, D.C.  20530
                                         (202) 307-0406

                                         Attorneys for Defendant