UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**LEVERN JACOBS, SR.**,          )
                                 )
        Plaintiff,          )
                                 )
v.                               )   Case No: **05-1425 (RWR)**
                                 )
                                 )
**EARL A. POWELL, III, Director**, )
**National Gallery of Art,**     )
                                 )
        Defendant.          )
_____)

**MOTION TO REFER TO A MAGISTRATE OR MEDIATOR UNDER LCvR 84,
OR IN THE ALTERNATIVE, TO AMEND SCHEDULING ORDER**

      **I.**      **Background**

On January 6, 2006, the parties held a Status Conference with Judge Roberts, at which time the undersigned described to the Court the desirability and relative ease of obtaining an early settlement of this matter between the parties. Based upon this discussion, Judge Roberts ordered a two-week stay of discovery, until January 20, 2006, to allow the parties to conduct settlement discussions, and urged the parties to return to him for additional consideration after that period, for either additional extensions of time or assignment to a neutral third party for mediation. As the undersigned described during the Status Conference, prior to January 6, 2006, Plaintiff had made a settlement offer, but Defendant had rejected the notion of settlement without making any counter-offer.

The undersigned received a phone call from Defendant's counsel, John Truong, on the afternoon of January 6, 2006, stating that Defendant would not have any kind of settlement offer to extend to Plaintiff that day, but that one should soon be forthcoming.

On January 10, 2006, when the undersigned sent an electronic mail message to Mr. Truong to check the status of the settlement offer, the undersigned received an automated response indicating that Mr. Truong was out of the office and would be unavailable until January 17, 2006 – virtually the entire period of the stay granted by the Judge. Mr. Truong subsequently wrote to say that he would not be in a position to extend any counter-offer of behalf of Defendant until January 20, 2006, due to his absence.

On January 20, 2006, Mr. Truong sent an electronic mail message to the undersigned, not with a counter-offer, but stating that he would agree to an extension of the stay of discovery and would file such with the Court, because of Defendant's delay in making any kind of settlement counter-offer. On January 24, 2006, Mr. Truong again stated that Defendant was unprepared to make any counter-offer, but that he would move to amend the scheduling order shortly.

Finally, on February 2, 2006, Mr. Truong made a counter-offer, which he represented as a "final offer," but which was not agreeable to Plaintiff. Thereafter, the undersigned conferred with Mr. Truong, asking to make a joint request to refer the case to mediation, and Mr. Truong, on behalf of Defendant, opposed this request. To date, despite his promises to the undersigned, Mr. Truong has filed no motion with the Court seeking an amended scheduling order.

## II. Argument

Under Local Civil Rule 84.4(2), the Court can refer the instant case to mediation by requiring the litigants to participate, after allowing the Defendant an opportunity to explain why it believes mediation would not be appropriate. In fact, for the reasons stated in the January 6, 2006 Status Conference, this matter is ideally suited for mediation

because, among other reasons, the circumstances surrounding the case have changed dramatically since Plaintiff's claims were first filed with Defendant's internal Equal Employment Opportunity office. A mediator would help the parties to: understand the respective merits of the opposing parties' positions, by identifying information the parties have not otherwise discussed or adequately considered; provide a neutral evaluation of the value of the case at trial; help reduce the influence of personal emotions; and aid the parties in finding middle ground so as to avoid unduly costly and time-consuming litigation. Moreover, given the limited financial stakes in the matter, early mediation would prevent mounting litigation costs and attorney fees, which will otherwise become an increasingly difficult obstacle to settlement.

In the alternative, the Court should amend the scheduling order so that the Plaintiff is not penalized for spending the last month seeking to negotiate in good-faith, and waiting for Defendant to reply. **If and only if** the Court does not order the parties to mediation, Plaintiff proposes the following schedule:

Initial disclosures March 13, 2006
Amended complaint March 24, 2006
Plaintiff's expert witness designations April 24, 2006
Defendant's expert witness designations May 22, 2006
All discovery closed June 22, 2006
Dispositive motions July 24, 2006

## III. Conclusion

For the foregoing reasons, the Court should order the parties to mediation, after allowing Defendant an opportunity to Show Cause for its opposition to such. In the alternative, the Court should extend the discovery deadlines as set forth in this Motion.

Dated: February 6, 2006

I certify that the foregoing facts are true and correct to the best of my personal knowledge, information and belief.

_____/s/_____
BRYAN J. SCHWARTZ, D.C. Bar #482960
Passman & Kaplan, P.C.
1090 Vermont Ave. N.W., Ste. 500
Washington, D.C.  20005

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEVERN JACOBS, SR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**EARL A. POWELL, III, Director**, )<br>**National Gallery of Art,** )<br>)<br>Defendant. )<br>_____) | Case No: **05-1425 (RWR)** |

## **ORDER**

Based on the Plaintiff's Motion and Defendant's response to my Order to Show Cause, I hereby ORDER the parties to participate in mediation, as provided under LCvR 84.4(2), and stay all discovery deadlines pending the mediation process. The parties will receive information soon regarding the mediator assigned to their case.

It is so ordered.

Date: _____

_____
Richard W. Roberts
United States District Judge

5