UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVERN JACOBS, JR. )<br>    ) <br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>EARL A. POWELL, III, )<br>    )<br>    DEFENDANT. )<br>_____) | Civ. Action No.: 05-1425 (RWR)<br>ECF |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO REFER TO A MAGISTRATE OR MEDIATOR
UNDER LOCAL RULE 84**

Plaintiff Levern Jacobs, Jr., brings this action under Title VII alleging that Defendant discriminated against him based on his race (African-Amercan) when Defendant suspended him on two occasions for failure to perform his duties. Mr. Jacobs also alleges retaliation for his protected activities. At present, Mr. Jacobs moved the Court for an order referring this case to a Magistrate Judge or Mediator for settlement discussions. See Dkt. No. 11. Alternatively, Mr. Jacobs sought to amend the Scheduling Order. Id. As a preliminary issue, Defendant only opposes Mr. Jacobs' request to have this case referred to a Magistrate Judge or Mediator for settlement discussions. Defendant does not oppose his request to amend the Scheduling Order.

In general, Defendant does not oppose the idea of settlement discussions; however, at present it is premature to engage in settlement discussions. The parties have not had any discovery in this case. At the January 6, 2006 initial status, Mr. Jacobs suggested to the Court that this case should be settled. Defendant disagreed with that assessment as discovery has not taken place and Defendant has not had an opportunity to evaluate the issues and the facts

1

surrounding Mr. Jacobs's allegations. Nevertheless, the Court adopted Mr. Jacobs' suggestion and stayed discovery for two weeks so that the parties could engage in informal settlement discussions. The parties exchanged settlement demand and counter-offer but failed to reach a compromise.[1]

Nothing has changed since that status hearing. As Defendant represented to the Court and Mr. Jacobs, it is simply premature for settlement discussions. Specifically, the undersigned counsel have not had an opportunity to interview the individuals with relevant knowledge of Mr. Jacobs' allegations. Without such due diligence, the undersigned cannot accurately assess the merits of the defense or of Mr. Jacobs' allegations. Under these circumstances, Defendant cannot – in good faith – agree to engage in settlement discussions with the knowledge that any settlement demand that is different from Defendant's counter-offer will be deemed unacceptable.

For these reasons, Defendant opposes Mr. Jacobs' motion for a referral to a Magistrate Judge or Mediator for settlement discussions as premature. To the extent that Mr. Jacobs believes he needs additional time to conduct discovery, Defendant does not oppose that request.

---

[1] Mr. Jacobs is correct in that the undersigned did assure his counsel, Mr. Bryan Schwartz, that the undersigned intended to move to amend the Scheduling Order as it took longer than anticipated to formulate a counter-offer to Mr. Jacobs' demand. The reason the undersigned did not move to amend was (and is) because there was not a need to do so. Once Mr. Jacobs rejected the counter-offer, the parties should have just proceeded with discovery without the need to disturb the Court's discovery schedule. There was no prejudice to Mr. Jacobs at all. In fact, Mr. Jacobs intended to amend his current complaint (he made this representation at the status hearing). Based on Mr. Jacobs' representation, the Court gave him until March 3, 2006, to do so. See Dkt. No. 10.

Dated: February 13, 2006.    Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney



/s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVERN JACOBS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No.: 05-1424 (RWR) |
| ) | ECF |
| EARL A. POWELL, III, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

**ORDER DENYING PLAINTIFF'S
MOTION TO REFER TO A MAGISTRATE OR MEDIATOR**

Upon consideration of Plaintiff's Motion to Refer to a Magistrate Judge or Mediator under Local Rule 84, Defendant's Opposition, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Plaintiff's Motion to Refer to a Magistrate Judge or Mediator under Local Rule 84 be and is hereby DENIED.

SO ORDERED.

_____
U.S. District Judge