UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVERN JACOBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  05-1425 (RWR) |
| | ) |
| EARL A. POWELL III, Director | ) |
| National Gallery of Art, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

The parties, through undersigned counsel, hereby stipulate and agree that a Protective

Order should be entered in this action consistent herewith, and request that the Court accordingly

approve this Stipulated Protective Order pursuant to § 552a(b)(11) of the Privacy Act.

At least some of the records and information responsive to Plaintiff's interrogatories and

document production requests in this case, or which the parties expect will be sought through

deposition testimony, contain information that may be subject to the protections of the Privacy

Act, 5 U.S.C. § 552a, et seq., or which may otherwise intrude on the privacy interests of third

persons not before the Court, including but not limited to information in the personnel and EEO

files of employees other than the Plaintiff.  The term "Protected Information" as used herein

means documents, information, government records, or other materials that are subject to the

provisions of this Order.

IT IS ORDERED that, Defendant shall be permitted to release Protected Information,

subject to any objections or privileges, without the prior written consent of the individuals to

whom such Protected Information pertains, subject to the conditions set forth below.

## CONDITIONS

Whenever counsel for Defendant believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed Protected Information, the following procedures shall apply:

1.  Counsel for Defendant shall designate the information as subject to this Order in a writing served upon counsel for Plaintiff.  To the extent feasible, the producing party will mark documents or materials containing Protected Information with the designation "CONFIDENTIAL", "PRODUCED SUBJECT TO PROTECTIVE ORDER" or similar designation.  Upon request from the receiving party, counsel for the producing party will promptly provide a written explanation of its basis for designating such material as being subject to the Protective Order, which explanation shall be sufficient to satisfy "good cause" as defined and interpreted under Fed. R. Civ. P. 26(c).  If the receiving party disagrees with the statement of good cause, the receiving party shall provide a written rebuttal.  If disagreements remain, the parties shall confer in good faith to resolve the dispute regarding a party's designation under this paragraph.  This procedure must be followed before any motions seeking to resolve disputes related to this Protective Order are filed with the Court.

2.  Pursuant to Local Rule 5.2(a), the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

3.  If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information that Defendant has designated as subject to this Order, the parties shall file two copies of such filing ("Version One"

and "Version Two") with the Clerk.  Version One shall redact only the specific information

designated pursuant to paragraph one of this Stipulated Protective Order and shall be filed on the

public record.  Version Two shall contain no redactions and shall be filed in the Clerk's Office

using the procedures and rules set forth in Local Civil Rule 5.1(j)(2)-(4) (or in the event of a

change in the Local Rules, the procedures and rules then in effect for submitting materials to the

Court under seal pursuant to a Protective Order).

     4.  Access to the material and information designated as subject to this Order shall be

limited to the parties, counsel for the parties, paralegals, clerical support personnel, and expert

witnesses in their employ, any other person mutually authorized by all counsel to examine such

materials, or any other person authorized by the Court to have such access to examine such

materials.  Any person having access to information subject to this Order shall be informed that it

is confidential and subject to a non-disclosure Order of the Court.

     5.  Except as otherwise provided herein, no person having access to Protected Information

shall reveal such information to any person not named in paragraph 4 without further Order of

the Court or stipulation of the parties.

     6.  All documents and copies of documents designated as containing Protected

Information shall either be destroyed by Plaintiff's counsel within sixty (60) days of the

conclusion of all trial and appellate proceedings in this case or kept in the possession of

Plaintiff's counsel and shall not in the future be disclosed contrary to the provisions of this

Order.

     7.  This Order does not constitute a ruling on the question of whether any particular

information or document is properly discoverable or admissible, and does not constitute a ruling

on any potential objection to the discoverability of any document or information.

8.  Nothing contained in this Order shall be construed as precluding Plaintiff or

Defendant from introducing Protected Information into evidence at the trial of this case.  If,

however, such information is to be used at trial, the Court may determine and direct at that time

the extent to which confidentiality shall be protected.  This Order is without prejudice to the

rights of any party to make any evidentiary objections at trial.

9.  Any specific part or parts of the restrictions imposed by this Protective Order may be

terminated at any time by a letter from counsel for the designating party to opposing counsel or

by an Order of the Court.

The Clerk shall provide copies of this Order by means of the Court's ECF system to all

counsel of record.

|  |  |
|---|---|
| _____/s/_____ | _____/s/_____ |
| BRYAN J. SCHWARTZ | KENNETH L. WAINSTEIN |
| Passman & Kaplan, P.C. | D.C. BAR # 451058 |
| 1090 Vermont Avenue, NW | United States Attorney |
| Suite 500 | |
| Washington, DC 20005 | _____/s/_____ |
| (202) 789-0100 | RUDOLPH CONTRERAS |
| | D.C. Bar No.  434122 |
| Counsel for Plaintiff | Assistant United States Attorney |

_____/s/_____
ERIC J. JANSON
Special Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9150

Counsel for Defendant

SO ORDERED:    _____    Date:

RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE