UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVERN JACOBS, SR., )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 05-1425 (RWR)
 )
EARL A. POWELL III, Director, )
National Gallery of Art, )
 )
    Defendant. )

### STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Levern Jacobs, Sr., and Defendant, Earl A. Powell III, in his official capacity as Director of the National Gallery of Art (collectively, the "parties"), hereby stipulate and agree to settle the above-captioned action under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation"), specifically resulting in the dismissal of Plaintiff's complaint (Civil Action No. 05-1425) with prejudice:

1. The parties enter into this Stipulation in full and complete satisfaction of any and all claims that Plaintiff raised or could have raised in this action through the date of the execution of this Stipulation, including any and all claims for back pay, front pay, compensatory and other damages, and interest that have been or could be made in this case, and any and all claims for costs and attorneys' fees that have been, or could have been made in this case, including any and all fees and costs incurred in connection with the EEOC administrative process, the District Court litigation process and any other proceedings involving the claims raised in this action.

2.Defendant agrees to pay Plaintiff a lump sum of $16,000 (Sixteen Thousand Dollars and No Cents) without deduction, withholding or set-off by a check made payable to Passman & Kaplan, P.C., which includes all attorney's fees and costs. Counsel for Defendant agrees that, upon notification of the Court's approval of this Stipulation and receipt of necessary information from Plaintiff's counsel, they will promptly complete and transmit to the Treasury of the United States the documentation necessary to effectuate this payment. Plaintiff's counsel shall cooperate with Defendant's counsel to ensure that such documentation is complete and accurate. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

3.For employment reference requests from potential employers within three years of the effective date of this Stipulation, Plaintiff will provide advance notice to the Defendant's Personnel Officer or Deputy Personnel Officer and will refer all potential future employers requesting an employment reference to the Defendant's Personnel Officer or Deputy Personnel Officer, at (202) 842-6282. During that three-year period, with respect to those employers Plaintiff refers to the Defendant's Personnel Officer or Deputy Personnel Officer for an employment reference, the Defendant will only verify the dates of his employment (11/02/87 - 02/22/06); the position he held (Pipefitter), his series/grade (WG-4204-10) and his ending salary ($25.68 per hour or $53,549 per annum) and that Plaintiff's tenure with the Defendant ended because of Plaintiff's physical inability to perform the essential functions of his Pipefitter position. Defendant agrees not to disclose any negative information about Plaintiff's employment to those employers referred to the Defendant's Personnel Officer or Deputy

Personnel Officer. This paragraph does not apply to inquiries for other purposes including, but not limited to, background investigations, suitability determinations, security clearances, Office of Workers' Compensation claims, or unemployment compensation benefits. Defendant makes no representations or promises about information given to potential future employers by employees or supervisors of Defendant other than those listed in this paragraph.

4. This Stipulation shall compromise and constitute full accord and satisfaction of all Plaintiff's outstanding claims that have been, or could be, made in this case. Plaintiff waives, releases and abandons any and all claims through the date of execution of this Stipulation, except those related to his eligibility or receipt of worker's compensation benefits, whether asserted or unasserted, against the Defendant, the National Gallery of Art, or its agents or employees, whether past or present that have accrued as of the date of the execution of this Stipulation. Such waived, released, and abandoned claims include, but are not limited to, those at issue in the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation.

5. The parties agree that this Stipulation shall not constitute an admission of liability or fault on the part of Defendant, its officers, agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

6. This Stipulation shall be binding upon and enure to the benefit of the parties hereto and their respective successors and assigns.

7. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States government or the Defendant, except in any action alleging breach of this Stipulation.

8. The parties acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation.

9. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

10. This action is dismissed and withdrawn with prejudice, pursuant to Federal Rules of Civil Procedure 41(a)(1)(ii), except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 23rd day of June, 2006.

Respectfully Submitted,

_____/s/_____
JOSEPH KAPLAN
D.C. Bar No. 347344
Passman & Kaplan, P.C.
1090 Vermont Avenue, NW
Suite 500
Washington, DC 20005
(202) 789-0100

_____/s/_____
LEVERN JACOBS, SR.
Plaintiff

_____/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

**SO ORDERED:**

_6/30/06_____
**Date**

_____
**RICHARD W. ROBERTS**
**United States District Judge**